UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

WENDY DE LOS SANTOS and XIOMARA
SIERRA on behalf of themselves, all
others similarly situated, and the Proposed
New York Rule 23 Class,

                                                      **Plaintiffs,**

             -against-

THE CHILDREN'S VILLAGE,

                                         **Defendant.**
------------------------------------------------------------------X

Civ Action No.:

**CLASS AND COLLECTIVE
ACTION
COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiffs, WENDY DE LOS SANTOS and XIOMARA SIERRA, on behalf of themselves and all others similarly situated, and on behalf of the members of the proposed Collective Action Class, upon personal knowledge as to themselves and upon information and belief as to other matters, by and through their attorneys, Law Offices of Peters & Associates, PLLC, for their Complaint against Defendant, THE CHILDREN'S VILLAGE, allege as follows:

<u>**PRELIMINARY STATEMENT**</u>

      1.  Plaintiffs, WENDY DE LOS SANTOS and XIOMARA SIERRA, are or were employees of the Defendant, THE CHILDREN'S VILLAGE, who performed work as Youth Specialists at the Defendant's different cottages.

      2.  Plaintiffs allege on behalf of themselves and other similarly situated current and former employees of THE CHILDREN'S VILLAGE and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are (i) entitled to unpaid wages for overtime work for which they did not receive overtime premium pay, as required by law including, but not limited to spread of hours

compensation and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

3.  This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b); 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") § 142-2.4; to recover unpaid overtime and spread of hours compensation plus interest, damages, attorneys' fees, and costs.

4.  Plaintiffs further allege on behalf of themselves and other similarly situated current and former employees of THE CHILDREN'S VILLAGE and who elect to opt into this action pursuant to New York City Human Rights Law, NYC Admin. Code § 8-101, et seq., and New York State Human Rights Law, N.Y. Exec. Law § 290, et seq., for discrimination and failure to accommodate Plaintiffs and other similarly situated current and former employees due to their medical disabilities.

5.  Defendant engaged in a pattern, policy, and practice of unlawful conduct for the actions alleged in this Complaint, in violation of the federal and state rights of Plaintiffs, similarly situated individuals and members of the proposed class.

## THE PARTIES

6.  WENDY DE LOS SANTOS is an adult individual who is a citizen of New York County, New York.

7.  XIOMARA SIERRA is an adult individual who is a citizen of New York County, New York.

8.  WENDY DE LOS SANTOS and XIOMARA SIERRA consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b). Attached as

Exhibit A is WENDY DE LOS SANTOS and Exhibit B is XIOMARA SIERRA's signed consent forms.

9. WENDY DE LOS SANTOS and XIOMARA SIERRA worked as Youth Specialists for The Children's Village, Transitional Residence for Alien Children (TRAC) Program.

10. As part of the Division of Immigration Services, Defendant, Children's Village, operates a Transitional Residence for Alien Children (TRAC). Children are referred to the TRAC Program by the Office of Refugee Resettlement while they are awaiting disposition of their refugee status. They are cared for in the transitional home until they are released from custody by ORR or returned to their home country by the State Department.

11. WENDY DE LOS SANTOS and XIOMARA SIERRA and all other similarly situated are current and former employees of DEFENDANT, within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

12. WENDY DE LOS SANTOS and XIOMARA SIERRA and others similarly situated are current and former employees of DEFENDANT, within the meaning of N.Y. Lab. Laws §§ 651(5) and 190.

13. The New York Rule 23 Class is defined as: "all persons employed by DEFENDANT in the State of New York as 'youth specialists' at any time six (6) years prior to the filing of this Complaint to the entry of judgment in the case" (the "New York Rule 23 Class") against DEFENDANT.

14. Defendant, THE CHILDREN'S VILLAGE, is a domestic not-for-profit corporation with its principal place of business at One Echo Hills, Dobbs Ferry, New York.

15. Defendant, THE CHILDREN'S VILLAGE, owns and operates The Children's Village with a headquarter at One Echo Hills, Dobbs Ferry, New York in Westchester County, New York.

16. Defendant employed WENDY DE LOS SANTOS and XIOMARA SIERRA and all others similarly situated individuals, and members of the Collective Action Class at all times relevant to this Complaint.

17. Upon information and belief, THE CHILDREN'S VILLAGE, enjoys annual gross volume of business done is not less than $500,000.00.

## JURISIDCTION AND VENUE

18. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and (iii) under 29 U.S.C. § 201 et. seq.

19. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

20. Venue is proper in this Court pursuant to 29 U.S.C. §§201-219, in as much as this judicial district lies in a state in which the unlawful employment practices occurred.

21. Venue is also proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (c), in that DEFENDANT maintains offices, conducts business and resides in this district.

## COLLECTIVE ACTION ALLEGATIONS

22. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§216(b), 207 and Article 9 of the New York Civil Practice Law and Rules, Plaintiffs seek to prosecute their FLSA claims on behalf of all persons who are or were formerly employed by Defendant, THE CHILDREN'S VILLAGE, during the Statutory period who were non-exempt employees within the meaning of the FLSA, hired as Youth Specialists and who were not paid wages in violation of the FLSA (the "Collective Action Class").

23. The Collective Action Class does not include THE CHILDREN'S VILLAGE's directors or officers.

24. Plainitffs, WENDY DE LOS SANTOS and XIOMARA SIERRA, and others similarly situated employees were not paid for spread of hours pursuant to 12 NYCRR § 142-2.4.

25. 12 NYCRR § 142-2.4 states that

> An employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours; or (b) there is a split shift; or (c) both situations occur.

26. 12 NYCRR § 142-2.4 requires employers to pay an extra hour in each shift worked in excess of ten hours ("spread of hours wages").

27. 12 NYCRR § 142-2.4 affects each member of the Collective Action Class.

28. Defendants violated 12 NYCRR § 142-2.4.

29. Furthermore, Defendant, THE CHILDREN'S VILLAGE, violated New York City Human Rights Law, NYC Admin. Code § 8-101, et seq., by discriminating against Plaintiffs and all other similarly situated employees based on their medical disabilities.

30. Defendant violated New York City Human Rights Law, NYC Admin. Code § 8-101 by failing to provide Plaintiffs and all others similarly situated employees with any reasonable accommodations for their medical disabilities.

31. Lastly, Defendants violated the New York State Human Rights Law, N.Y. Exec. Law §290, et seq., by discriminating against Plaintiffs and all other similarly situated employees based on their medical disabilities.

32. Defendant violated New York State Human Rights Law, N.Y. Exec. Law §290, et seq., by failing to provide Plaintiffs and all other similarly situated with a reasonable accommodation for their medical disabilities.

33. The members of the Collective Action Class are so numerous that joinder of all members is impracticable. The precise number of such persons is unknown, and the facts on which the calculation of that number can be precisely made are presently within the sole control of the Defendant.

34. There exist no conflicts of interest between the Plaintiffs and the other Collective Action Class members.

35. Plaintiffs have retained counsel that is competent and experienced in both employment law and class action litigation. Plaintiffs and their counsel will fairly and adequately represent the interests of the Collective Action Class.

36. This collective action is superior to any other method for the fair and efficient adjudication of this dispute. The damages suffered by many members of the Collective

Action Class are small in relation to the expense and burden of individual litigation and therefore it is highly impractical for individual Collective Action Class members to attempt to vindicate their interests individually. There will be no extraordinary difficulty in the management of this collective action.

37. The claims of the Plaintiffs are typical of the claims of the Collective Action Class, and a collective action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack financial resources to vigorously prosecute a lawsuit in court against corporate defendants.

38. Defendant has acted or refused to act on grounds generally applicable to the Collective Action Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Collective Action as a whole.

39. All Collective Action Class members have been damaged in the same fashion, by the same conduct. The degree of damages suffered by individual Collective Action Class members is readily calculable according to an ascertainable formula. For these reasons, questions of law and fact will predominantly be common to the Collective Action Class. Among the questions of law and fact common to the Collective Action Class are:

    a. Whether Defendant employed the Collective Action members within the meaning of the FLSA;

    b. Whether Defendant failed and/or refused to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per work week or an extra hour in each shift worked over ten hours, in

violation of the FLSA and the New York Labor Law and the regulations promulgated thereunder;

c.  Whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

d.  Whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

e.  Whether Defendant should be enjoined from such violations of the FLSA in the future.

## FACTUAL ALLEGATIONS

40. Plaintiffs, WENDY DE LOS SANTOS and XIOMARA SIERRA, commenced their employment with Defendant, THE CHILDREN'S VILLAGE, on or about August 4, 2014 as Youth Specialists.

41. Plaintiffs', WENDY DE LOS SANTOS and XIOMARA SIERRA, work duties include but are not limited to the following; supervising and providing care and guidance to neglected and delinquent youths, supervised the children during lunch and dinner times and entertained the children with various activities.

42. Plaintiff, WENDY DE LOS SANTOS, continued working as a Youth Specialist until on or around June 2015 when she resigned.

43. Plaintiff, XIOMARA SIERRA is a current employee of Defendant.

44. Plaintiffs, WENDY DE LOS SANTOS and XIOMARA SIERRA, and all other similarly situated, and members of the proposed Collective Action Class have not been

paid spread of hours compensation, for an extra hour in each shift worked over ten (10) hours in violation of the New York Labor Law.

45. Plaintiffs, WENDY DE LOS SANTOS and XIOMARA SIERRA, were not compensated for an extra hour in each day worked over ten hours.

46. Such other individuals have worked in excess of ten hours a day, yet Defendant has willfully failed to pay them for an extra hour in shifts worked over ten hours ("spread of hours wages") in violation of the New York Labor Law.

47. The exact number of such individuals is presently unknown, but is within the sole knowledge of Defendant and can be ascertained through appropriate discovery.

## FIRST CAUSE OF ACTION
### Spread-of-hours Pay Under New York Labor Law

48. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 47 hereof.

49. 12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which . . . the spread of hours exceeds 10 hours."

50. Defendant, THE CHILDREN'S VILLAGE, required Plaintiffs and members of the Collective Action class to work more than ten (10) hours shifts. *See* Exhibit C, job description.

51. Consequently, by failing to pay to the Plaintiffs and the other members of the Collective Action class an additional hour's pay when Plaintiffs and the members of the Collective Action class worked more than ten (10) hours shifts, Defendants violated 12 NYCRR § 142-2.4.

52. Plaintiff, Xiomara Sierra, and others similarly situated worked double shifts, amounting to sixteen (16) hours per shift at least, once per week.

53. Defendant failed to pay Plaintiff and others similarly situated spread of hours compensation for hours worked over ten (10) hours a shift.

54. Defendant's failure to pay spread of hour's compensation for work performed by Plaintiffs and the members of the Collective Action class after ten (10) hours shifts was willful.

55. By the aforementioned reasons, Defendant, THE CHILDREN'S VILLAGE, have violated NYCRR § 142-2.4 and are liable to Plaintiffs and other members of the Collective Action class in an amount to be determined at trial, interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections.

## SECOND CAUSE OF ACTION
### Spread-of-hours Pay Under New York Labor Law

56. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 55 hereof.

57. 12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which . . . the spread of hours exceeds 10 hours."

58. Defendant, THE CHILDREN'S VILLAGE, required that Plaintiffs and the members of the Collective Action class worked more than ten (10) hours shifts at least once a week.

59. Consequently, by failing to pay to the Plaintiffs and the other members of the Collective Action class an additional hour's pay when Plaintiffs and the members of the

Collective Action class worked more than ten (10) hours in day, Defendants violated 12 NYCRR § 142-2.4.

60. Plaintiff, WENDY DE LOS SANTOS, and others similarly situated worked sixteen (16) hour shifts.

61. The aforementioned shifts consisted of a 4pm-12am shift immediately followed by a 12am-8am shift amounting to sixteen (16) hours.

62. Plaintiff, WENDY DE LOS SANTOS, and others similarly situated worked the aforementioned shifts at least once a week without spread of hours compensation.

63. Defendant failed to pay Plaintiff and others similarly situated spread of hours compensation for hours worked over ten (10) hours a day.

64. Defendant's failure to pay spread of hour's compensation for work performed by Plaintiffs and the members of the Collective Action class after ten (10) hours in a shift was willful.

65. By the aforementioned reasons, Defendant, THE CHILDREN'S VILLAGE, have violated NYCRR § 142-2.4 and are liable to Plaintiffs and other members of the Collective Action class in an amount to be determined at trial, interest, attorneys' fees and costs, pursuant to the above cited sections.

## THIRD CAUSE OF ACTION
### Violation of the New York City Human Rights Law

66. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 65 hereof.

67. Defendants violated the New York City Human Rights Law, NYC Admin. Code § 8-101, et seq., by discriminating against Plaintiffs and all other similarly situated based on their medical disabilities.

68. Defendants violated New York City Human Rights Law, NYC Admin. Code § 8-101, et seq., by failing to provide Plaintiffs and all others similarly situated with any reasonable accommodations for their medical disabilities.

69. Defendants further violated the New York City Human Rights Law, NYC Admin. Code § 8-101, et seq., by failing to engage in the interactive process to determine whether they could provide Plaintiffs and all other similarly situated with a reasonable accommodation for their medical disabilities.

70. Plaintiffs and other similarly situated current and former employees, asked for reasonable accommodations due to medical reasons by asking for change of shifts while providing proper medical documentation.

71. Defendant did not recognize or accommodate plaintiffs and other similarly situated current and former employees.

72. As a direct result of Defendant's violations of the New York City Human Rights Law, NYC Admin. Code § 8-101, et seq., Plaintiffs and other similarly situated current and former employees continue to endure significant damages including, but not limited to, severe emotional distress, humiliation, embarrassment, anguish, personal hardship, career and social disruption, psychological and emotional harm, economic losses, lost employment opportunities, and other such damages.

## FOURTH CAUSE OF ACTION
### Violation of the New York State Human Rights Law

73. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 72 hereof.

74. Defendant violated the New York State Human Rights Law, N.Y. Exec. Law §290, et seq., by discriminating against Plaintiffs and all other similarly situated based on their medical disabilities.

75. Defendant violated New York State Human Rights Law, N.Y. Exec. Law §290, et seq., by failing to provide Plaintiffs and all others similarly situated with any reasonable accommodations for their medical disabilities.

76. Defendant further violated the New York State Human Rights Law, N.Y. Exec. Law §290, et seq., by failing to engage in the interactive process to determine whether they could provide Plaintiffs and all other similarly situated with a reasonable accommodation for their medical disabilities.

77. Plaintiffs and other similarly situated current and former employees, asked for reasonable accommodations due to medical reasons by asking for change of shifts while providing proper medical documentation.

78. Defendant did not recognize or accommodate plaintiffs and other similarly situated current and former employees.

79. As a direct result of Defendant's violations of the New York State Human Rights Law, N.Y. Exec. Law §290, et seq., Plaintiffs and other similarly situated current and former employees continue to endure significant damages including, but not limited to, severe emotional distress, humiliation, embarrassment, anguish, personal hardship, career and social disruption, psychological and emotional harm, economic losses, lost employment opportunities, and other such damages.

WHEREFORE, Plaintiffs and members of the Collective Action Class demand judgment as follows:

(1)     On their First Cause of Action, against Defendants in an amount to be determined at trial, interest, attorneys' fees, and costs;

(2)     On their Second Cause of Action, against Defendants in an amount to be determined at trial, interest, attorneys' fees, and costs;

(3)     On their Third Cause of Action, against Defendants in an amount to be determined at trial, interest, attorneys' fees, and costs;

(4)     On their Fourth Cause of Action, against Defendants in an amount to be determined at trial, interest, attorneys' fees, and costs;

(5)     All costs and reasonable attorney's fees incurred in prosecuting this claim to the extent allowed by law;

(6)     Such other and further relief as the Court may deem just and proper.

Dated: September 18, 2015
       New York, New York

Respectfully submitted,

By:

George T. Peters, Esq. (GP2661)
**LAW OFFICES OF
PETERS & ASSOCIATES, PLLC**
*Attorneys for Plaintiffs*
402 West 145th Street, 2nd Floor
New York, New York 10031
Tel: 347.751.0157

14

# EXHIBIT A

## CONSENT FORM

1. I hereby consent to join the lawsuit brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*, to recover compensation I am owed by my former employer, Defendant, THE CHILDREN'S VILLAGE.

2. From 2014 through 2015, I worked as a Youth Specialist at The Children's Village located in Westchester, New York. I was not paid the statutorily required minimum wage nor was I paid overtime wages for hours in excess of 40 hours.

3. I hereby designate the Law Office of Peters & Associates, PLLC, to represent me in this action.

4. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against DEFENDANT.

Date: 9|15|2015

Signature

Wendy De los Santos.

Print Name

Sworn to before me this
15 day of Sept. 2015

Notary Public

JANICE CASTRO
Notary Public, State of New York
Registration #02CA6311911
Qualified in Bronx County
Commission Expires September 22, 2018

# EXHIBIT B

## CONSENT FORM

1. I hereby consent to join the lawsuit brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*, to recover compensation I am owed by my former employer, Defendant, THE CHILDREN'S VILLAGE.

2. From 2014 through present, I have worked as a Youth Specialist at The Children's Village located in Westchester, New York. I was not paid the statutorily required minimum wage nor was I paid overtime wages for hours in excess of 40 hours.

3. I hereby designate the Law Office of Peters & Associates, PLLC, to represent me in this action.

4. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against DEFENDANT.

Date: 9/18/15

_____
Signature

_____
Print Name

Sworn to before me this
___ day of _____ 201_

_____
Notary Public

State of New York
County of New York
No. 01VF6263080
expires 6/14/16

# EXHIBIT C



# the children's village

*Keeping Children Safe and Families Together*

**Youth Specialist - Bilingual (deLemos Cottage)**

**Job Title:** Youth Specialist - Bilingual (deLemos Cottage)

**Job Type:** Full-Time

**Location:** Dobbs Ferry, NY

[ **Submit Your Application** ]

[ **Send to a Friend** ]

[ **Printer Friendly Page** ]

**Job Description:**

**Position Overview:**
The TRAC Youth Specialist is responsible to provide emergency counseling, initial case management, and day to day supervision and monitoring of UAC sent to the UAC shelter. Specialist must be able to communicate proficiently

**Qualifications:**
HS Diploma or GED required, some college preferred. A genuine respect for and interest in children and their families of diverse racial and ethnic identity; an ability to form a therapeutic relationship with children and their families. Ability to demonstrate counseling techniques Ability to communicate with both client and staff proficient in English and Spanish.

**Schedule 1:** Monday 12am-8am Thursday 4pm-12am Friday 4pm-12am Saturday 4pm-12am Saturday 12am-8am Tuesday - OFF Thursday - OFF

**Schedule 2:** Sunday 4pm-12am Monday 4pm-12am Tuesday 4pm-12am Thursday 8am-4pm Friday 4pm-12am Wednesday - OFF Saturday - OFF

**Schedule 3:** Sunday-OFF Monday- 4pm-12am Tuesday- OFF Wednesday-OFF Thursday- 8am-4pm Friday- 8am-4pm Saturday-8am-4pm Saturday-4pm-12am

We are proud to be an EEO/AA employer M/F/D/V. We maintain a drug-free workplace and perform pre-employment substance abuse testing.

powered by

CERIDIAN